**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

ROBERT L. GANOE, SR.                    :
    Plaintiff                        :
                                    :

    v.                              :     No. 1:20 – cv – 663 - YK
                                      :

MARK D. ESPER, SECRETARY OF  :
DEFENSE,                                :
        Defendant                    :     **JURY TRIAL DEMAND**

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER**

## I.  FACTS[1]

On May 5, 2021, the Court convened a telephone conference with counsel for

the parties, to address a discovery dispute initiated by Defendant.  The telephone

conference was not a matter of record.  During the telephone conference, an issue arose

regarding disclosure of (1) Plaintiff's tax records; and (2) mental health and drug and

alcohol records.  Plaintiff objected to disclosure of both records on confidentiality

grounds; and to disclosure of mental health and/or drug and alcohol records on the

bases of confidentiality and privilege (records protected from disclosure by state law).

---

[1] The facts presented are limited to those relevant to the relief requested in Plaintiff's Motion for
Protective Order.

According to Defendant's Counsel, Defendant's only relevancy link to attempt to justify disclosure of protected mental health and/or drug and alcohol records was Plaintiff's lone averment, in one count of his complaint, that he has ". . .suffered and continues to suffer emotional and mental harm. . . ," Doc. 1, p.8 of 9, Paragraph 35.

## II. ISSUE

**A.     Is the "Authorization for Release of Medical Records" from Plaintiff's health care providers, provided to Plaintiff for execution (*Exhibit A hereto*), overly broad in its inclusion of protected drug and alcohol and mental health records?**

**Suggested response:**

## III.    ARGUMENT

In a recent case out of the Western District of Pennsylvania, **Trask v. Olin Corporation**, Civil Action 12-340 (W.D.PA 2014), the Court was required to address a discovery dispute between plaintiff and defendant; and rendered a thoughtful and comprehensive opinion regarding the discovery dispute, which was similar to the dispute at issue in this case, including the following language:

> Discovery is broad, but it is not boundless. The Third Circuit recognized this maxim stating that "[a]lthough the scope of discovery under the Federal Rules is... broad, this right is not unlimited and may be circumscribed." Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir. 1999). This Rule places two content-based limitations upon the scope of discovery: **privilege and relevance** (emphasis added). A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim...." FED. R. CIV. P. 26(b)(1) (emphasis added). Additionally, the rules provide that the frequency or extent of discovery

otherwise permitted under the rules or by local rule shall be limited by the court if the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues.

Regarding disclosure of records pertaining to treatment for substance abuse, the

Court observed the following, regarding state and federal law as to this issue:

> Pennsylvania law places additional restrictions on the release of alcohol/drug abuse treatment records. The Pennsylvania confidentiality statute tracks federal law to the extent the patient records sought were " prepared or obtained" pursuant to the Pennsylvania Drug and Alcohol Abuse Control Act, providing for the release of such records upon a showing of " good cause" . Pa.Stat.Ann. tit. 71, § 1690.108(b). Section 1690.108(b) provides, in relevant part: All patient records ... prepared or obtained pursuant to this act, [the Pennsylvania Drug and Alcohol Abuse Control Act] shall remain confidential, and may be disclosed only with the patient's consent ... Disclosure may be made for purposes unrelated to ... treatment or benefits only upon an order of a court of common pleas after application showing good cause therefor. In determining whether there is good cause for disclosure, the court shall weigh the need for the information sought to be disclosed against the possible harm of disclosure to the person to whom such information pertains, the physician-patient relationship, and to the treatment services, and may condition disclosure of the information upon any appropriate safeguards.... Id.        However, unlike the federal statute, the Pennsylvania statute provides that if the records sought are in the possession of a " private practitioner, hospital, clinic, drug rehabilitation or drug treatment center" as they are in this case, such records: shall remain confidential and may be disclosed only with the patient's consent and only (i) to medical personnel exclusively for purposes of diagnosis and treatment of the patient or (ii) to government or other officials exclusively for the purpose of obtaining benefits due the patient as a result of his drug or alcohol abuse or drug or alcohol dependence except that in emergency medical situations where the patient's life is in immediate jeopardy, patient records may be released without the patient's consent, O'Boyle v. Jensen, 150 F.R.D. 519, at 150 F.R.D. 520-522.

These provisions make it clear that irrelevant mental health and/or drug and alcohol treatment records are, by law – even they do exist - protected, privileged and/or confidential.

It should also must be noted that Plaintiff has already advised Defendant that mental health and/or drug and alcohol records that Defendant seeks do not exist (see, e.g., Exhibits B1 and B2, attached hereto). Defendant has also objected to the discovery on relevancy grounds (See Exhibit C hereto). Exhibits B1 and B2 also reflect Plaintiff's willingness to work with Defendant to disclose *relevant and non-privileged* medical records, that speak to the disabilities that are the basis for Plaintiff's disability discrimination claims (See Complaint excerpt, Exhibit D).

In spite of these valid objections and offered compromise resolutions, the Defendant has persisted in pursuing its overly broad and irrelevant requests for information that is neither relevant (or at best – of only fringe relevance regarding Plaintiff's claims for damages), nor discoverable on the basis of the privileged status of the records.

Regarding the protection of mental health records, Plaintiff contends – apart from his representation that such records do not exist - that disclosure of his mental health records is barred by section 7111 of the MHPA, 50 P.S. § 7111, and section 5944 of the Judicial Code, 42 Pa.C.S. § 5944. In an analogous case, the privilege was discussed by this Court, in **O'Boyle v. Jensen**, 150 F.R.D. 519 (M.D. PA 1993)

The privilege asserted is codified, and thus, "the interpretation of a statute is a question of law, resulting in a standard of review that is de novo and a scope of review that is plenary." Farrell, 150 A.3d at 96 (citation omitted). Even though Pennsylvania courts disfavor privileges since they obstruct the ability to ascertain the truth, we will faithfully adhere to constitutional, statutory, or common law privileges. If the legislature has considered the interests at stake and has granted protection to certain relationships or categories of information, the courts may not abrogate that protection on the basis of their own perception of public policy unless a clear basis for doing so exists in a statute, the common law, or constitutional principles. This court does not have the power to order disclosure of materials that the legislature has explicitly directed be kept confidential.

## IV.    CONCLUSION

Based upon the foregoing, and in the context of the facts of this case, Plaintiff

submits that Defendant's persistent insistence on entitled to disclosure of non-existent,

let alone privileged and irrelevant mental health and drug and alcohol treatment records

from Plaintiff, that have nothing to do with the disability claims raised in this matter by

Plaintiff, should be denied.  The Authorization form presented to Plaintiff is overly

broad and invalid under state and federal privacy laws and should be stricken. In the

alternative Plaintiff requests that the Court direct Defendant to limit the release to only

such records as are relevant and non-privileged.


Date: May 19, 2021                          s/Keith E. Kendall
                                            Keith E. Kendall, Esq.
                                            20 North Hanover Street, Suite 201
                                            Carlisle, PA 17013
                                            (717) 960-0075 (T)
                                            (717) 960-0074 (F)
                                            keith@scaringilaw.com

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT L. GANOE, SR.** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **No. 1:20 – cv – 663 - YK** |
| | : | |
| **MARK D. ESPER, SECRETARY OF** | : | |
| **DEFENSE,** | : | |
| **Defendant** | : | **JURY TRIAL DEMAND** |

## CERTIFICATE OF SERVICE

I, Keith E. Kendall, Esq., attorney for Plaintiff, hereby certify that I have this date served a true and correct copy of Plaintiff's Brief in Support of Motion for Protective Order upon Defendant's attorney, Harlan Glasser, Esq., by e-mailing a copy of the Brief to Defense Counsel, who will also be served with a copy of the Brief via the courts ECF system, at the following address:

**Harlan William Glasser, Esq.**
U.S. ATTORNEY'S OFFICE
228 Walnut Street
Suite 220
P.O. Box 11754
Harrisburg, PA 17108
717-221-4482
*harlan.glasser@usdoj.gov*

Date: May 19, 2021

s/Keith E. Kendall
Keith E. Kendall, Esq.
20 North Hanover Street, Suite 201
Carlisle, PA 17013
(717) 960-0075 (T)
(717) 960-0074 (F)
*keith@scaringilaw.com*

6