### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT L. GANOE,** | **:** | |
| **Plaintiff** | **:** | **No. 1:20-cv-00663** |
| | **:** | |
| **v.** | **:** | **(Judge Kane)** |
| | **:** | |
| **SECRETARY OF DEFENSE LLOYD** | **:** | |
| **J. AUSTIN III,** | **:** | |
| **Defendant** | **:** | |

### MEMORANDUM

Before the Court is Defendant Secretary of Defense Lloyd J. Austin III ("Defendant")'s

Motion for Attorney Fees (Doc. No. 63) filed in response to the Court's March 8, 2023 Order

granting in part his motion for sanctions and directing Plaintiff Robert L. Ganoe ("Plaintiff") to

pay attorneys' fees in an amount to be determined upon Defendant's submission of a properly

substantiated motion seeking the same (Doc. No. 62).  For the reasons that follow, the Court will

approve Defendant's request for an award of attorneys' fees in the amount of $5,250.00 and

direct Plaintiff to pay that amount to Defendant by a date certain.

## I.    BACKGROUND

Plaintiff Robert L. Ganoe ("Plaintiff") commenced this action in April 2020 based on

allegations that his former employer—the Defense Logistics Agency of the United States

Department of Labor—subjected him to age and disability discrimination and whistleblower

retaliation, culminating in the wrongful termination of his employment.  (Doc. No. 1.)  In

November 2020, Defendant propounded a demand for "Plaintiff's federal, state, and local tax

returns filed within or outside the United States of America, along with all schedules, W-2s, and

paystubs, for the years ending December 31, 2009 to the present."  (Doc. No. 57-2 ¶ 11.)

Plaintiff objected to the demand on several grounds but agreed to "provide his tax returns from

his removal forward, upon further request and limitation of this inquiry," and his counsel later

agreed to provide three years' worth of tax returns and requested an order directing Plaintiff to produce the same. (Id.; Doc. No. 20.) The Court ordered Plaintiff to do so and subsequently ordered him to produce a copy of his 2021 tax return,[1] with appropriate redactions to prevent disclosure of his wife's confidential and financial information. (Doc. Nos. 20, 50.)

In December 2022—two years after Defendant propounded his discovery demand for the tax returns—Defendant informed the Court that Plaintiff had yet to produce the tax returns in compliance with the Court's Orders. (Doc. Nos. 51.) The Court then set a briefing schedule for the filing of a motion to compel production of the tax returns. (Doc. No. 56.) In response, Defendant filed a timely "Motion to Compel Plaintiff's Compliance with Court Orders,"[2] by which Defendant sought an order: (1) compelling Plaintiff to produce copies of what Defendant asserts are unsigned, overly redacted, and incomplete tax returns; and (2) sanctioning Plaintiff by dismissing this action, or imposing lesser sanctions. (Doc. No. 57.) The parties fully briefed the motion (Doc. Nos. 58–60), and on March 8, 2023, the Court granted it in part (Doc. No. 61). Specifically, the Court directed Plaintiff to produce his tax returns in compliance with the Court's Orders and, regarding sanctions, ordered him to pay reasonable attorneys' fees incurred by Defendant in connection with the motion to compel/for sanctions and the then-forthcoming motion for attorneys' fees. (Doc. No. 62 at 2.) The Court directed Defendant to submit, with any motion for attorneys' fees, documentation supporting an award of a specific amount of fees incurred as a result of the relevant motions. (Id.)

---

[1] Until 2023, the Court attempted to resolve the parties' many discovery disputes surrounding the tax returns by scheduling conferences with the parties and entertaining informal letter briefing. Throughout the life of this case, the Court also granted several extensions of time to complete discovery, in large part due to Plaintiff's failures to produce the tax returns.

[2] The Court refers to this motion as "motion to compel/for sanctions" herein.

In response to the Court's March 8, 2023 Order, Defendant timely filed the pending motion for attorneys' fees detailing the amounts of time that Assistant United States Attorney ("AUSA") Melissa A. Swauger and former AUSA Harlan Glasser worked on the motion to compel/for sanctions (15.5 hours) and the pending motion (2 hours) and asserting a $300.00 hourly billing rate as to both attorneys.  (Doc. No. 63 at 1–6, ¶¶ 2–15.)  Less than one week later, Defendant filed a letter informing the Court that Plaintiff had still not provided full copies of his original, signed, and completed tax returns pursuant to the Court's March 8, 2023 Order.[3]  (Doc. No. 64.)  In the same letter, Defendant detailed the efforts he made to obtain complete copies of the tax returns and attached an email in which Plaintiff's counsel represented that he would provide authorizations to allow Defendant to obtain them but did not explain any reason for which Plaintiff failed to provide the documents by the Court-ordered deadline.  (Doc. Nos. 64, 64-1.)  Plaintiff filed a brief in opposition to Defendant's motion for attorneys' fees on March 27, 2023 (Doc. No. 66), and Defendant filed a reply brief on March 30, 2023 (Doc. No. 68).  Having been fully briefed, Defendant's motion for attorneys' fees is ripe for disposition.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes a district court—as the Court did here in its March 8, 2023 Order—to impose sanctions on a party who "fails to obey an order to provide or permit discovery."  Rule 37(b) authorizes a court to sanction a party by directing the payment of reasonable expenses unless the failure to comply with a court order was substantially justified.  See Fed. R. Civ. P. 37(b)(2)(A)(ii), (v), (b)(2)(C).  In fact, "[t]he Court must grant a Rule 37(b)(2) motion for monetary sanctions unless the nonproducing party's 'failure [to obey a court order] was substantially justified or other circumstances make an award of expenses

---

[3]  The Court permitted Defendant to make appropriate redactions to prevent disclosure of information pertaining solely to his wife, with whom he jointly filed his taxes.

unjust.'"  See Rohrbach v. NVR, Inc., No. 19-cv-05847, 2022 WL 3904664, at *1 (E.D. Pa. July 8, 2022) (emphasis added) (quoting Fed. R. Civ. P. 37(b)(2)(C)).

Once a district court determines whether attorneys' fees are warranted as a sanction for discovery failures, it must assess whether the amount of fees requested is reasonable.  "A party seeking attorney fees bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable."  Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 703 n.5 (3d Cir. 2005) (citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)). "Courts typically use the lodestar method to calculate an award of expenses and attorney's fees as a sanction under Rule 37 against a party failing to comply with a discovery order."  Shulman v. Chromatex, Inc., No. 3:08-cv-00229, 2012 WL 3289006, at *4 (M.D. Pa. Aug. 10, 2012) (citing Miles v. Elliot, No. 94-cv-04669, 2011 WL 5524842, at *1 (E.D. Pa. Nov. 14, 2011)). "The lodestar formula . . . multiplies by a reasonable hourly rate the number of hours reasonably expended . . . ."  Miles, 2011 WL 5524842, at *1.  Because "[t]he lodestar is presumed to be the reasonable fee," the party seeking a downward adjustment of the fee has the burden of "proving that an adjustment is necessary."  See Rode, 892 F.2d at 1183.

## III.    DISCUSSION

As an initial matter, although Plaintiff filed a brief in opposition to Defendant's motion for attorneys' fees, the Court notes that his briefing in no way addresses the only issue presently before the Court: whether Defendant has established that the $5,250.00 in attorneys' fees he seeks is reasonable.  (Doc. No. 66.)  Plaintiff's briefing completely ignores the fact that the Court already granted Defendant's request for attorneys' fees as a sanction for Plaintiff's failures to produce the tax returns in full compliance with the Court's Orders.  (Doc. No. 66.)  Plaintiff, as Defendant points out, does not "oppose the hourly rate proposed by Defendant or the time spent working" on the relevant motions.  (Doc. No. 68 at 2–3.)  Instead, Plaintiff relitigates the Court's

March 8, 2023 Order, asserting that sanctions are not warranted.  (Doc. No. 66.)  As discussed

more fully below, in the absence of any specific objections from Plaintiff to Defendant's

assertions of the hours worked by AUSAs Swauger and Glasser, the Court finds that Defendant

has satisfied his initial burden of submitting "evidence supporting the hours worked and rates

claimed," and that Plaintiff—who has made no attempt to object to the hours worked and rates

claimed "with sufficient specificity"—has not overcome Defendant's showing on either front.

See Interfaith Cmty. Org., 426 F.3d at 703 n.5 (quoting Rode, 892 F.2d at 1183).  The Court

turns to an analysis of Defendant's motion under the lodestar method, beginning with an

evaluation of the reasonableness of the hours of work claimed.

      **A.**      **Hours Claimed: 17.5 Hours**

      Defendant seeks a total of $5,250.00 in connection with the preparation and litigation of

his motions for sanctions/for attorneys' fees, comprised of 15.5 hours for AUSA Glasser's work

on the motion to compel and for sanctions, and 2 hours for AUSA Swauger's work on the

pending motion for attorneys' fees.  (Doc. No. 63.)  Under the lodestar method, as to the hours

claimed, the Court must "review the time charged, decide whether the hours set out were

reasonably expended for each of the particular purposes described and then exclude those that

are excessive, redundant, or otherwise unnecessary."  See Loughner v. Univ. of Pittsburgh, 260

F.3d 173, 178 (3d Cir. 2001) (internal quotation marks omitted) (quoting Public Int. Research

Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995)).

      The hours claimed by Defendant here are detailed in the motion for attorneys' fees.  The

relevant portions of the motion are set forth below:

      Mr. Glasser spent approximately 15.5 hours litigating the Motion for Sanctions,
      which included the following:

            a.   1.25 hours reviewing and analyzing the Parties' correspondence, both

filed with the Court and exchanged through counsel, to identify Plaintiff's numerous contradictory positions and representations related to the production of his tax returns and Defendant's extensive efforts to obtain the same over the course of nearly 3 years;

b.   1.25 hours conducting legal research related to Defendant's Motion To Compel, including case law addressing the <u>Poulis</u> factors;

c.   1 hour drafting Defendant's Motion To Compel;

d.   7.25 hours reviewing, drafting, editing, and preparing for filing Defendant's 21-page opening brief;

e.   1 hour compiling and preparing for filing the 15 exhibits accompanying Defendant's Motion To Compel;

f.   0.5 hours reviewing Plaintiff's Opposition to Defendant's Motion To Compel;

g.   0.5 hours conducting legal research related to Defendant's Reply Brief;

h.   0.25 hours locating, reviewing, and analyzing the exhibit accompanying Defendant's reply brief, necessitated by Plaintiff's contradictory position in his opposition related to the issuance of subpoenas directed to his subsequent employers, which he had previously opposed;

i.   2.0 hours drafting Defendant's Reply Brief; [and]

j.   0.5 hours reviewing, editing, and preparing for filing Defendant's Reply Brief.

. . . .

AUSA Swauger performed the following work in preparing, filing, and briefing Defendant's motion for attorney's fees:

a.   1.5 hours drafting Defendant's Motion for Attorney's Fees, including legal research; and

b.   .5 hours reviewing, editing, and preparing for filing Defendant's Motion for Attorney's Fees.

In total, Plaintiff has unnecessarily forced counsel for Defendant to expend at least 17.5 hours litigating Defendant's Motion To Compel.

(Doc. No. 63 at 1–3) (citations to record and paragraph numbers omitted).

The Court discerns from the above no excessive, redundant, or otherwise unnecessary hours expended by Defendant in connection with its motions to compel/for sanctions and for attorneys' fees.  Defendant succeeded in the motions in connection with which it seeks attorneys' fees, and Plaintiff has not advanced any arguments challenging the reasonableness of the hours claimed.  See Dee v. Borough of Dunmore, No. 3:05-cv-01342, 2013 WL 685144, at *3 (M.D. Pa. Feb. 25, 2013) (noting that reductions of hours claimed may be warranted if, e.g., the moving party did not succeed on certain claims distinct from those claims on which it did succeed), aff'd, 548 F. App'x 58 (3d Cir. 2013)); Souryavong v. Lackawanna Cnty., 159 F. Supp. 3d 514, 524 (M.D. Pa. 2016) (citing Rode, 892 F.2d at 1183) (applying the lodestar method to conclude that the hours claimed were reasonable, stating that "the district court cannot decrease a fee award based on factors not raised at all by the adverse party"), aff'd, 872 F.3d 122 (3d Cir. 2017). Indeed, Defendant has expended far more time and effort to obtain the tax returns than merely the motion to compel/for sanctions and the pending motion for attorneys' fees.  Accordingly, the Court turns to the hourly rates claimed by Defendant.

**B.      Hourly Rate: $300.00 Per Hour**

As to Defendant's claimed hourly rate for both AUSAs—$300.00—"[g]enerally, a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community."  See Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001).  "The court 'should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"  Id. (quoting Rode, 892 F.2d at 1183).

The Court concludes that Defendant has established the reasonableness of the $300.00 hourly rate for the AUSAs concerning their relevant work in connection with this case. Defendant asserts, and Plaintiff does not dispute, that AUSAs Glasser and Swauger are seasoned

attorneys with, respectively, over a decade and two decades of experience litigating complex matters, including matters involving employment law.  (Doc. No. 63 at 4.)  Moreover, as Defendant observes, courts in this district have long held that hourly billing rates at and even above $300.00 per hour are fair and reasonable.  (Id.) (citing, e.g., Evankavich v. Green Tree Servicing, 2014 WL 4437645, *2 (M.D. Pa. Sept. 9, 2014) (finding $315 per hour reasonable where the non-movant did not challenge the hourly rates); see Romeo v. Simm Associates, Inc., No. 3:15-cv-02136, 2016 WL 1070827, at *1 (M.D. Pa. Mar. 16, 2016) ($375.00 reasonable); Shaw v. Cumberland Truck Equip. Co., No. 1:09-cv-03598, 2012 WL 1130605, at *3 (M.D.Pa. Mar.30, 2012) (acknowledging, in employment context, declaration according to which "more seasoned attorneys' fees [in the local market] range between $200.00 and $300.00 per hour"). Defendant also notes that, "[a]ccording to data compiled by Clio, a national law firm billing software, the average hourly rate for attorneys practicing labor and employment law in Pennsylvania was $336.00 per hour" in 2022.  (Doc. No. 63 at 5.)  In short, on this record, the Court concludes that Defendant has sufficiently established the fairness and reasonableness of a $300.00 hourly billable rate as to both AUSAs who performed work in connection with the relevant motions.

### C.    Lodestar Calculation: $5,250.00

Regarding the lodestar calculation itself, because Defendant "has carried his burden of showing that the claimed rates and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled."  See Maldonado, 256 F.3d at 184.  Multiplying 17.5 hours by a $300.00 hourly rate yields $5,250.00, which the Court presumes is reasonable, see id., and Plaintiff has not rebutted that presumption.  The Court will therefore grant Defendant's motion for attorneys' fees.

**IV.**     **CONCLUSION**

For the foregoing reasons, the Court will award Defendant $5,250.00 in attorneys' fees, to be paid by Plaintiff individually.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

9